**UNITED STATES of America,**
**Appellee,**

v.

**Daniel MUNOZ, Defendant–Appellant.**

**No. 05–2696–cr.**

United States Court of Appeals,
Second Circuit.

March 4, 2008.

Stephan Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Joel N. Krane, Rochester, N.Y., for Appellant.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Daniel Munoz appeals from a judgment of conviction for (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; and (2) possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Munoz to 262 months in prison. We assume the parties' familiarity with the facts of the case and its procedural history.

■ On appeal, Munoz begins by challenging his conviction on the conspiracy count, arguing that the jury's verdict that he conspired to distribute five kilograms of cocaine or more was not supported by sufficient evidence. When faced with an insufficiency of the evidence claim, we view the evidence presented at trial in the light most favorable to the prosecution, crediting every inference that the jury might have drawn in favor of the government. *United States v. Dhinsa*, 243 F.3d 635, 648 (2d Cir.2001). Leaving aside the question of whether Munoz can properly be said to have engaged in a conspiracy with those to whom he supplied drugs, it is clear that the record contains sufficient evidence for a jury to find that Munoz conspired with his confederates Ramirez and DelCastillo, who, a jury could find, agreed and collaborated with Munoz to distribute at least five kilograms.

■ For similar reasons, Munoz's challenge to the district court's Guidelines calculation of the quantity of drugs for which he is accountable also fails. Where, as here, the quantity of narcotics seized does not reflect the scale of the offense, the advisory Guidelines require the district court to estimate the amount of drugs involved. *See* U.S.S.G. § 2D1.1, comment. n. 12; *United States v. Blount*, 291 F.3d 201, 215 (2d Cir.2002). The quantity of drugs attributable to a defendant for sentencing purposes is an issue of fact, and we review the district court's decision for clear error. *United States v. Hazut*, 140 F.3d 187, 190 (2d Cir.1998). Based on the evidence presented at trial, Judge Siragusa fairly surmised that Munoz conspired to distribute at least 15 kilograms of cocaine. The trial testimony of drug dealers to whom Munoz sold cocaine provided a sufficient basis for that finding, and we find no clear error in the district judge's determination.

■ Munoz also asserts that the district court erred when increasing Munoz's Guidelines offense level after determining that he played an "aggravating role" in his crimes. A defendant may properly be considered a manager or supervisor, and hence subjected to a two-point increase under § 3B1.1(c) of the Guidelines, if he "exercise[d] some degree of control over others involved in commission of the offense ... or play[ed] a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Burgos*, 324 F.3d 88, 92 (2d Cir.2003) (alterations in original) (internal quotation marks and citations omitted); *see also id.* ("It is enough to manage or supervise a single other participant."). Again, there was ample evidence at trial that, at a minimum, Munoz exercised control over Ramirez, who acted as his driver, and who one witness said "worked for" Munoz.

Additionally, Munoz contends that the sentencing court failed to consider the need to avoid unwarranted disparities between Munoz's sentence and those of the drug dealers who testified against him. There is, however, no indication that the district court failed to consider this factor, and "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006); *see also id.* at 29 ("This presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the [18 U.S.C.] § 3553(a) factors."). In any event, all of the comparators upon whom Munoz relies are readily distinguishable from Munoz himself, on the ground that each, unlike Munoz, co-operated with the authorities. *See id.* at 28 ("[A] disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6).").

Finally, to the extent that Munoz claims his sentence was substantively unreasonable, we reject that contention, finding no abuse of discretion in the district court's decision to impose a sentence of 262 months. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007) ("[T]he appropriate standard of review [is] abuse of discretion....").

The judgment of the district court is **AFFIRMED.**